HARDIN & BLAKEMAN, plaintiffs in error, *vs.* ALEXANDER B. HANNA, defendant in error.

This court will not control the discretion of the presiding judge in granting a new trial on the ground that the verdict is decidedly against the weight of the evidence, especially when the motion is fortified by many affidavits to newly discovered evidence, although that evidence be somewhat cumulative, and though some of it tends to contradict and impeach one of the plaintiffs who testified in the case, when the defendant made affidavit that the plaintiffs surprised him by denying the contract set up in his equitable plea, alleging that said plaintiffs had often admitted its truth to him, and he was not, in consequence of such admission, prepared to impeach him on the trial.

New trial. Before Judge McCUTCHEN. Dade Superior Court. September Term, 1875.

Reported in the opinion.

DABNEY & FOUCHE; R. H. TATUM, for plaintiffs in error.

E. D. GRAHAM; J. E. SHUMATE; JOHN G. HALE, for defendant.

JACKSON, Judge.

This was a suit brought by the plaintiffs against the defendant to recover $6,960 00. The declaration contained two counts—one sets out the items of the account for building a hotel at Sulphur Springs, DeKalb county, Alabama; the other was on a written contract which specified in what manner the work should be done, the number of rooms, halls, etc.; the time when to be completed, and in what way payment was to be made, particularly that it was to be made in

Hardin & Blakeman *vs.* Hanna.

part in a tract of land in Dade county, Georgia, at the price of $5,000 00. To this action the defendant pleaded, among other things, an equitable plea to the effect that plaintiffs could not carry on or complete the work on the hotel for the want of funds; that in consequence thereof, at their special request, he indorsed their paper for some $2,000 00 at the City National Bank, Chattanooga, Tennessee; that these notes were protested for non-payment, and are still unpaid; that it was agreed between plaintiffs and himself that defendant should retain the title to the Dade county land until this paper, which he had indorsed, was paid by the plaintiffs, and he saved harmless from this indorsement. On the trial, plaintiffs read to the jury the written contract, and proved the completion of the work, and the acceptance of the hotel by the defendant; and though the building was not completed at the time specified in the contract, that that matter was settled by the rents of the Dade place for 1874; that they had demanded title to the Dade lands, which defendant had refused to make. The defendant testified to the parol agreement, the plaintiffs denied it; and there was other evidence *pro* and *con* in relation to this parol agreement. The jury returned a verdict of $5,000 00 against defendant, with a stay of the execution for as much thereof as was necessary to protect defendant against his indorsement of plaintiffs' paper at the bank at Chattanooga until plaintiffs should pay it. The defendant moved for a new trial on the grounds that the verdict was against the law and the weight of the evidence, and on account of newly discovered evidence. The court granted the new trial, and the plaintiffs excepted, and brought the case here, and assigned for error the grant of the new trial.

This court has repeatedly ruled that it will interfere with great reluctance in the grant of a new trial by the court below, and will never do so except in extreme cases, when that court has grossly abused the discretion with which the law invests him: 49 *Georgia Reports*, 120, 588, and many others. In looking over this voluminous record and examining the evidence, we cannot say that the court below has abused his

Hardin & Blakeman *vs.* Hanna.

discretion, or that this is, in any sense, an extreme case.   On the contrary, we think that the weight of the evidence, as the case stood on the hearing before the jury, was with the defendant and against the verdict; but if there was any doubt on the subject, we think the numerous affidavits to the point of newly discovered testimony remove that doubt.   The deposition of the cashier of the bank is proof positive of the truth of the parol agreement alleged in the equitable plea of the defendant, and we think it demonstrates a very substantial fact and is not wholly cumulative, while the affidavits of several witnesses swearing to the fact that Hardin, one of the plaintiffs, said to them that the parol agreement had been made, justify the surprise of the defendant at his denial of this agreement on the trial.   Looking at the evidence before the jury, in connection with these depositions on the motion for a new trial, an impartial mind is forced to the conclusion that the equitable plea of the defendant rests on truth and should be sustained.   The argument for the plaintiffs before us is that the defendant is not injured by the verdict, because there is a stay of execution in respect to the amount of the notes he indorsed for plaintiffs until they pay those notes; but it must be borne in mind that interest is accumulating every day on this protested paper, that the inability of plaintiffs to pay it shows their precarious, and perhaps insolvent, pecuniary condition, and defendant may lose by them at last on this protested paper.   It must be remembered, too, that by the contract payment for building the hotel was to be in the Dade county land, in part, and that land was to be taken at the agreed price of $5,000 00.   The facts show that this land has depreciated in value and is not now worth that sum. There is a great difference between paying a debt in property and paying it in money, and if the property has depreciated the difference is still greater.   It cannot be said in reply that defendant refused to make title to this land to plaintiffs and therefore has nobody to blame but himself.   He refused to make the title because he was to hold it as collateral security until plaintiffs paid the notes which he had indorsed.   They

have not paid those notes and have no right to demand title to the land until they do so. The whole equity of this case depends therefore on the truth or falsity of defendant's equitable plea: if false, of course the verdict does not hurt him; but if true, he is greatly wronged thereby. The testimony before the jury tends to establish its truth, the newly discovered evidence would seem to put it beyond cavil, and we therefore agree with the court below in granting him another trial on all the testimony. No permanent harm can result to the plaintiffs if their case be grounded on the truth; if not, they ought to fail.

Judgment affirmed.